(Reap. Dec. 10484)

HURRICANE IMPORT CO. (MOJONIER) v. UNITED STATES

Entry No. DE 29610, etc.

(Decided April 16, 1963)

*Lawrence & Tuttle* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: Counsel for the parties have submitted the appeals for reappraisement enumerated in the attached schedule for decision upon stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the court, as follows:

1. That this stipulation is limited to the merchandise marked "R" and initialed CF (Examiner's Initials) by Examiner C. Fleischman (Examiner's Name) on the invoices covered by the appeals for reappraisement enumerated on Schedule "A" hereto annexed.

2. That the merchandise and the issues involved in the above-entitled appeals for reappraisement are the same in all material respects as those involved in *United States* v. *Gitkin Co.*, A.R.D. 132, and that the record in the cited case may be incorporated in the record herein.

3. That the involved merchandise was entered or withdrawn from warehouse prior to the effective date of the Customs Simplification Act of 1956 (T.D. 54521).

4. At the time of exportation of the merchandise involved herein, the prices at which such or similar merchandise was freely sold for exportation to the United States to all purchasers in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incidental to placing the merchandise in condition packed ready for shipment to the United States, were the appraised *per se* unit values, net packed, exclusive of the additional charges and commissions noted on the invoice.

On the agreed facts and following the decision in the cited case, I find and hold that export value, as that value is defined in section 402(d), Tariff Act of 1930, is the proper basis for the determination of the values of the merchandise described above and that such values were the appraised *per se* unit values, net, packed, exclusive of the additional charges and commissions noted on the invoices.

As to all other merchandise, the values found by the appraiser are held to be the correct values of the merchandise. Judgment will issue accordingly.